IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER WHEELER (20170330135), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 3020 |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| OFFICER LYLES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has paid the filing fee and his complaint is accepted for filing. The Court directs the Clerk of Court to: (1) reopen and reinstate the case; (2) file Plaintiff's complaint; (3) issue summons for service of the complaint [1] on Defendant Lyles by the U.S. Marshal; (4) dismiss Defendant Greene; and (5) send Plaintiff a blank USM-285 (Marshals service) form, filing instructions, and a copy of this order. Because Plaintiff is not proceeding *in forma pauperis*, he is not necessarily entitled to service at government expense. Fed. R. Civ. P. 4(c)(3). Plaintiff has not demonstrated that he cannot pay the required deposit to the U.S. Marshal. Plaintiff must either: (1) serve Defendant himself; (2) retain a private process server to serve Defendant; or (3) employ the services of the U.S. Marshal to serve Defendant. The U.S. Marshal is directed to send Plaintiff the request for payment of the deposit to effectuate service (service costs generally range between $65.00 and $250.00 per location). If Plaintiff decides to hire the U.S. Marshal, he must pay the required deposit and submit the completed USM-285 service form by November 28, 2022; the U.S. Marshal will not take further action until the deposit has been paid and the USM-285 service form is returned. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Clerk is also directed to send a copy of this order to the U.S. Marshal. The U.S. Marshal is appointed to effect service (if Plaintiff pays the appropriate deposit) and is authorized to send a request for waiver of service in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

## STATEMENT

Plaintiff Christopher Wheeler, a detainee at the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding an alleged failure to

protect him from an attack by another detainee. The matter was previously dismissed without prejudice for Plaintiff's failure to pay the filing fee. Plaintiff has now paid the filing fee. Accordingly, the matter is reinstated the Court will conduct the initial review of his complaint.

The Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A; *see Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that in January 2022, he was housed in protective custody. (Dkt. 1, pg. 5.) Approximately six weeks after his arrival, another detainee, Plata, was placed with Plaintiff. (*Id*.) Plata, who suffered from a mental illness and often times refused his medications, would show aggressive behaviors both inside and outside the cell. (*Id*., pg. 6.)

Officer Lyles regularly worked on Plaintiff's tier and saw Plata's aggressive behavior. (*Id*., pg. 7.) In addition, Plaintiff informed Lyles that he had safety concerns about Plata. (*Id*.) Plaintiff frequently requested cell changes due to his safety concerns to no avail. (*Id*.) On March 31, 2022, Plaintiff informed Lyles that the tension with Plata was increasing and he was concerned that it may get physical. (*Id*., pg. 8.) Lyles took no action and four hours later a physical altercation occurred between Plaintiff and Plata causing injury to Plaintiff's eyes. (*Id*., pg. 9.) Plaintiff names Lyles and Superintendent Greene as Defendants.

Plaintiff's failure-to-protect claim is governed by the Due Process Clause of the Fourteenth Amendment because Plaintiff was a pretrial detainee during the relevant period. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The elements of a successful claim include:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Id*. At the pleading stage, a plaintiff is not required to allege particular facts nor a claim's elements. *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022).

2

While factual development may show otherwise, Plaintiff's allegations are enough to put Officer Lyles on notice of the claim, and Plaintiff may proceed on his failure to protect claim against Lyles in his individual capacity.

However, Plaintiff has not stated a claim against Superintendent Greene. There are no allegations that Greene has any involvement in the incident or was aware of the danger of physical harm to Plaintiff by Plata. Nor can he be held liable merely because of his supervisory position. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (explaining that § 1983 creates cause of action based on personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional violation); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (Section 1983 does not permit *respondeat superior*-based claims). Accordingly, Defendant Greene is dismissed without prejudice.

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Lyles. The Court directs the Clerk to mail Plaintiff a USM-285 (Marshals service) form. The U.S. Marshals will not attempt to serve Defendant unless the required form is received. Plaintiff must therefore complete and return service form for Defendant, and failure to do so may result in dismissal of this case in its entirety. Because Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, he is not necessarily entitled to service at government expense. Fed. R. Civ. P. 4(c)(3). Therefore, Plaintiff must either: (1) serve Defendant himself; (2) retain a private process server to serve Defendant; or (3) employ the services of the U.S. Marshal to serve Defendant. The U.S. Marshal is directed to send Plaintiff the request for payment of the deposit to effectuate service (service costs generally range between $65.00 and $250.00 per location). If Plaintiff elects to employ the services of the U.S. Marshal, he must pay the required deposit; the U.S. Marshal will not take further action until the deposit has been paid. Failure to effect service by the date set forth above may result in dismissal of this case.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Date: October 24, 2022

_____
Manish S. Shah, U.S. District Judge