UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-03020 |
| | ) | |
| v. | ) | Hon. Lindsay C. Jenkins |
| | ) | |
| OFFICER JORDAN LYLES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT JORDAN LYLES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant OFFICER JORDAN LYLES, by and through his attorneys, Troy S. Radunsky and Zachary G. Stillman of the law firm DeVore Radunsky LLC, and for his Answer to Plaintiff's Amended Complaint, states as follows:

1. Page 15 of the Cook County Department of Corrections Handbook tells us that inmates have the right to feel safe on our living unit.

**ANSWER:** **The defendant admits the handbook explains that inmates have a right to feel safe, but denies all other allegations in Paragraph 1.**

2. It tells us that we should follow the chain of command by reporting the issue first to an officer, then to a sergeant, and escalate the issue to a lieutenant if needed.

**ANSWER:** **The defendant admits the plaintiff should follow command by reporting the issue first to an officer. Defendant denies all of the remaining allegations in Paragraph 2.**

3. Over several weeks prior to this issue I made every effort to mitigate the problem by doing just that. I spoke with many officers but none took the proactive actions to keep me safe.

**ANSWER:** **The defendant has insufficient information to admit or deny the allegations in Paragraph 3.**

1

4. Since mid-January 2022 I was housed on the protective custody (PC) unit (1B) in Division 10.

**ANSWER**: **The defendant admits that the plaintiff was housed in Division 10/1B from January 11, 2022-April 19, 2022**.

5. About 6 weeks after my arrival, detainee Michael Plata was approved for PC and placed with me (Div. 10 Unit 1B cell 1221) as his housing assignment.

**ANSWER**: **The defendant admits that detainee Plata was housed in Division 10 unit 1B. The defendant denies all remaining allegations in Paragraph 5.**

6. Plata and I are both of similar age (approx. 6-year difference) and body build and both classified as maximum security.

**ANSWER**: **The defendant admits that he and Plata were both classified as maximum security. Further answering, the defendants have insufficient information to admit or deny the remaining allegations in Paragraph 6.**

7. Both Plata and I suffer from mental illness and take various medications on the daily basis.

**ANSWER**: **The defendant has insufficient information to either admit or deny the allegations in Paragraph 7.**

8. Medical Records will show that while I take all my meds daily, Plata would often refuse his, only aggregating his mental situation.

**ANSWER**: **The defendant has insufficient information to either admit or deny the allegations in Paragraph 8.**

9. I notified Nurse Alonso (regular nurse for 1B) who made note and referred Plata to mental health per my expressed concerns.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 89**

10. However, he refused his appointment.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 10.**

11. Plata would often show very aggressive behavior even outside the cell such as beating on doors, throwing food, jumping on dayroom tables, yelling on and slamming phones.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 11.**

12. His behavior has been punished several times prior to his placement in my cell, including special housing management units for weeks at a time, compared to my near flawless record with no aggressive behavior or the need for special management housing.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 12.**

13. Until this incident, I had not had any guilty tickets.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 13.**

14. At some point, Plata saw his own issues asked multiple officers and sergeants to see mental health but was denied every time. That only upset him more.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 14.**

15. His conduct became so bad that Officers would hesitate to open our cell door for dayroom time.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 15.**

16. Officer Lyles was one of the regular evening shift (3 pm – 11 pm) officers who worked unit 1B.

**ANSWER:** **The defendant admits she worked the evening shift and denies all other allegations in Paragraph 16.**

17. From the first incident with Plata's behavior (which happened outside of the cell) she has been present.

**ANSWER:** **The defendant denies the allegations in Paragraph 17.**

18. On two occasions Plata got so aggressive that when he tried to go into the officer's office that Officer Lyles rushed to the door and slammed it shut before he could enter.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 18.**

19. She has got his ID out with the intentions of getting off the tier because of his conduct.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 19.**

20. But even with these warning signs and her own person safety concerns, she kept locking me in the same cell with Plata.

**ANSWER:** **The defendant denies the allegations in Paragraph 20.**

21. I've expressed my safety concerns to several officers, but none more than Lyles since she was the most frequent person working the unit.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 21.**

22. She has stated that she would call supervisors, (naming only Sgt. Christie as the person responding) but said nobody could do something until something physical happened.

**ANSWER:** **The defendant denies the allegations in Paragraph 22.**

23. I requested cell reassignment almost daily before the incident.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 23.**

24. I even asked for transfer out of division 10, but my requests were denied every time.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 24.**

25. Officer Lyles worked her usual shift on the evening of March 21, 2022.

**ANSWER:** **The defendant admits she worked on March 21, 2022. Further answering, this defendant denies all other allegations in Paragraph 25.**

26. When she opened Cell 1221 for scheduled day room time (approx. 6:15 pm), I let Lyles know about the brewing tension between Plata and I and made her aware that it might get physical very soon.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 26.**

27. She did nothing.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 27.**

28. At the end of dayroom time (approx. 9 pm), I told Lyles I was scared that something would happen since Plata had already made threats earlier that day.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 28.**

29. While she was at our door, me and Plata both expressed concern for each other, (this can be seen on camera), but her reply was: "If I see him [referring to the sergeant on duty] I'll let him know, but I'm not calling nobody."

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 29.**

30. About 4 hours later (at approx. 1 am on April 1, 2022), Plata and I began to fight and, as warned, it became physical.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 30.**

31. Since Lyles left at 11pm, when the fight was heard, Officer Jacob responded and called Sergeant Schnolis for back up.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 31.**

32. We separated without further commands and cuffed up.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 32.**

33. We were interviewed separately and taken for medical attention.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 33.**

34. I had no visible injuries at the time and was scheduled to follow up with Primary Care (Dr. B. Davis) the following week.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 34.**

35. I let her know I was having issues with my vision (blurred vision, light sensitivity) because Plata placed his fingers in my eye and applied pressure.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 35.**

36. This combined with a previous eye injury from another fight and my recent diagnosis as pre-diabetic, Dr. Davis sent me to see an eye doctor.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 36.**

37. I'm not sure what was found, but my prescription did get worse, I was ordered some medicated drops, and told to come back in 3 months (compared to the standard 18-24 months).

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 37.**

38. A similar incident happened with two other inmates on the same unit, under the charge of Officer Lyles.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 38.**

39. Inmates Benjamin Carlot and Antawane Jackson were housed together in Cell 1205.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 39.**

40. They got into a verbal altercation in the cell.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 40.**

41. During dayroom, they alerted Officer Lyles of the issue, who alerted a sergeant.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 41.**

42. Carlot was then locked back in cell 1205 while Jackson remained in the dayroom.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 42.**

43. The two were separated within an hour.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 43.**

44. Carlot was moved to Cell 1208, while Jackson remained in 1205.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 44.**

45. It should be noted that both Jackson and Carlot are two black ([sic] persumed) [sic] hetrosexual guys. Plata is a Latino and I am a black gay male with a high profile case.

**ANSWER:** **This is not an allegation but a statement and therefore this defendant has no answer to Paragraph 45.**

46. Although these two incidents may not be related, both happened under the supervision of Officer Lyles.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 46.**

47. After the April 1 incident with Plata, we were finally separated.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 47.**

48. Plata was transferred to a PC unit in Division 9, I returned to 1B (same cell).

8

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 48.**

49. However, this incident led to others, also under the charge of Officer Lyles.

**ANSWER:** **The defendant denies the allegations in Paragraph 49.**

50. I was placed on "out alone" (must be housed and come out of the cell without any other inmates) from April 1 to April 3, for "safety" reasons.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 50.**

51. After I was removed from that status, someone wo considered himself a "friend" of Plata threw a "peanut butter looking substance" into my cell.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 51.**

52. I reported this and the inmate, Martin Pendergrast was ticketed and charged.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 52**

53. But, he was read his charges while I was still present.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 53.**

54. As such, threats were made where Pendergrast told me he was going to stab me and make an attempt to fight me during dayroom time.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 54.**

55. All in front of another division 10 officer named Mahafferty.

9

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 55.**

56. After this, my legal team (atty Robert Fox, Atty Chief Andrea Lubelfeld, and mitigation specialist Dr. Tana McCoy) began to call and email division 10 leadership to address their concerns for my safety.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 56.**

57. Towards the middle of April 2022 I was transferred to a PC unit in Division 8 where I am currently housed.

**ANSWER:** **The defendant admits to the allegations in Paragraph 57.**

58. Officer Lyles failed to protect me from the physical (possible permanent) harm of Michael Plata, a person even she exhibited fear of.

**ANSWER:** **The defendant denies the allegations in Paragraph 58.**

59. Her conduct was the underlining cause of the alteration with Pendergrast.

**ANSWER:** **The defendant denies the allegations in Paragraph 59.**

60. Superintendent Greene shares liability with Lyles as 1) he was aware of the conduct of the sworn staff under his supervision [and] 2) as the superintendent he was well aware of the charges filed against Pendergrast. Therefore, had his team been proactive, they would have been able that conflict by separating us prior to him being read his ticket.

**ANSWER:** **The defendant denies the allegations in Paragraph 60.**

61. Emotionally, I am terrified of having a cellmate, worried about possible vision loss, and uncomfortable with some officers, as they may be friends of Lyles.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 61.**

62. However, another emotionally damaging issue is the fact that my birthday was April 2, 2022. It was my 36th birthday and marked the start of my sixth year of incarceration.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 62.**

63. I was on "out alone" at the time, spending the entire day with no human contact and unable to speak with friends and family.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 63.**

64. This added to an already stressful situation of being locked up, resulting in suicidal thoughts, and 2 trips to mental health.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 64.**

65. The situation has (and still is) causing a lot of stress.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 65.**

66. Prior to the incident with Plata I had zero tickets where I was faulted. That has changed.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 66.**

67. My disciplinary record was something I took great pride in and was to be used as part of my mitigation in my criminal case. It will be seen by my criminal judge.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 67.**

68. It may now be used as aggravation.

**ANSWER:** **The defendant has insufficient information to either admit or deny the allegations in Paragraph 68.**

69. Again, the simple misconduct of Officer Lyles and Division 10 leadership can and may result in things that could be life altering.

**ANSWER:** **The defendant denies the allegations in Paragraph 69.**

WHEREFORE, Defendant OFFICER JORDAN LYLES, respectfully requests that this court dismiss this lawsuit and/or grant judgment in his favor and against Plaintiff and for costs of suit herein incurred, reasonable attorneys' fees, and any further relief this Court deems just.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, OFFICER JORDAN LYLES, by and through his attorneys, Troy S. Radunsky and Zachary G. Stillman, of DeVore Radunsky LLC, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent Defendants are named in their official capacities, Defendants are immune from having to pay punitive damages to Plaintiff.

3. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which

provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

4. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

5. Defendants reserve their rights to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

 

Respectfully submitted,

*/s/ Troy S. Radunsky*_____
One of the Attorneys for Defendants

DeVore Radunsky LLC
230 W. Monroe # 230
Chicago, Illinois 60606
(312) 300-4484
tradunsky@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned non-attorney hereby certifies that the above **Defendant Jordan Lyles' Answer and Affirmative Defenses to Amended Complaint** was filed on October 10, 2023, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Andrew Kim*
Andrew Kim